No. 10, Original. UNITED STATES *v.* WYOMING ET AL.

FINAL ORDER

Pursuant to the decision of this Court in *United States v. Wyoming,* 331 U. S. 440, a decree was entered on February 16, 1948, 333 U. S. 834.

By the terms of the decree, which adjudged that title to the land in question is in the United States, jurisdiction was retained by this Court for the purpose of deter-

896

mining the amount of damages payable by defendants to the plaintiff, and for such other and further orders and decrees as may be necessary.

On July 2, 1948, Public Law 887 (Ch. 815, 62 Stat. 1233) was approved, and provided:

"That the Secretary of the Interior be, and he is hereby authorized and directed to issue a patent to the State of Wyoming for the east half of the northeast quarter, section 36, township 58 north, range 100 west, of the sixth principal meridian, in Park County, Wyoming, subject to any existing lease or leases: *Provided,* That title to said land shall be held and considered to have been vested in the State of Wyoming on July 10, 1890."

On September 29, 1948, the Secretary of the Interior, pursuant to the authorization and direction contained in the aforesaid Act of Congress, issued United States Patent No. 1,123,916 to the State of Wyoming for the portion of Section 36 described in said Act, subject to any existing lease or leases, with the title thereto considered to have vested in the State of Wyoming on July 10, 1890.

The claim for damages arose entirely from the possession by the defendant Ohio Oil Company of the land described in said Act of Congress, and its extraction of oil therefrom. Inasmuch as the patent issued by the United States vests title to said land in the State of Wyoming during the entire period of possession by the defendant Ohio Oil Company, there is no need or requirement for further consideration by the Court of plaintiff's demand for a money judgment.

It is therefore ORDERED AND DECREED that the defendants shall pay the costs of this proceeding, including compensation for services rendered and actual expenses incurred by the Honorable Nat U. Brown, Special Master herein. Such compensation and expenses will be fixed by an order of the Court.